

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 09-CR-118

PATRICIA LYNN KAY,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Carol L. Kraft, Assistant United States Attorney, and the defendant, Patricia Lynn Kay, individually and by attorney Brian P. Mullins, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in 6 counts of a 24-count indictment, which charges her with violations of Title 18, United States Code, Sections 1343, 1956, and 2.

3. The defendant voluntarily agrees to waive prosecution by indictment in open court and plead guilty to an information charging her with misprision of a felony in violation of Title 18, United States Code, Section 4.

4. The defendant has read and fully understands the charges contained in the information to which she will plead guilty. She fully understands the nature and elements of the crime and the charge and the terms and conditions of the plea agreement have been fully explained to her by her attorney.

5. The defendant voluntarily agrees to plead guilty to an information charging misprision of a felony as follows:.

**THE UNITED STATES ATTORNEY CHARGES:**

Between a date in February 2005, and a date in September 2006, in the State and Eastern District of Wisconsin and elsewhere,

**PATRICIA LYNN KAY,**

having knowledge of the actual commission of a felony cognizable by a court in the United States, namely, wire fraud in connection with a mortgage fraud scheme, in violation of Title 18, Untied States Code, Section 1343, did affirmatively conceal the same, by partnering in the formation of a shell company that served to give apparent legitimacy to the scheme, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

All in violation of Title 18, United States Code, Section 4

6. The defendant acknowledges, understands, and agrees that she is, in fact, guilty of the offense set forth in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish her guilt beyond a reasonable doubt:

Between 2004 and 2006, the defendant, Patricia Lynn Kay, became associated with Paul Zaleski, who was working at First Security Financial Services, LLC, a mortgage brokerage company with offices in Kenosha, Wisconsin, and Antioch, Illinois. During that time, Zaleski developed a scheme to generate funds for a real estate venture by which he and a partner planned to purchase,

2

remodel, and sell multiple residential properties for profit. Neither he nor his partner had the financial resources make mortgage, insurance, and tax payments on the properties they targeted for purchase, so Zaleski acquired the necessary funds by enlisting investors to purchase the properties at prices above the owners' actual asking prices, with the contingency that the excess funds would be directed to Silver Creek Investments, Lakeside Property Management, or Northpointe Development, three companies that he established for the sole purpose of collecting and disbursing the funds.

The investors, who were essentially straw buyers, could not qualify for mortgage loans, and Zaleski falsified the information in their loan applications, inflating their income and assets, and including falsified supporting documents such as altered bank statements and phoney rental agreements. To effect the scheme, Zaleski also employed the cooperation of an appraiser who inflated the value of the subject properties, giving them the value requested by Zaleski rather than the actual fair market value. In most instances, neither the fact of the inflated appraisal nor the true recipient of the sellers' credits was disclosed the lender.

At Zaleski's direction, Kay became an investor, signing loan applications and mortgage documents to purchase several properties that she had neither the income nor the assets to afford. Initially, she relied on Zaleski's representations that she was part of an investment group, the members of which pooled their money to invest in the properties which Zaleski had selected and she believed that the necessary mortgage, tax, and insurance payments were being made from investor funds. As her association with Zaleski continued, he enlisted Kay's cooperation in the formation of Northpointe Development which she soon came to realize was a shell company that had no actual business function. She further realized that none of the investors contributed any funds to the

venture, that Zaleski was fabricating information to qualify them for loans, and that all of the mortgage, tax, and insurance payments were being made with funds that were wired by lenders interstate to the Eastern District of Wisconsin to fund the loans in the first instance.

Although she came to realize that the entire operation was a fraud scheme, Kay concealed this information. She knowingly continued as a partner in Northpointe Development and a signatory on the Northpointe Development bank account, and she allowed undisclosed sellers credits, taken from funds sent by lenders by interstate wire, to be deposited into the Northpointe Development account. Further, she knowingly allowed mortgage, tax, and insurance checks to be issued from the account via checks that purported to bear her signature. She failed to report the fraud scheme and she acted to conceal it by her continued participation in Northpointe Development, thereby helping Zaleski to create and maintain an appearance of legitimacy that did not exist.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 3 years and a $250,000 fine. The count also carries a mandatory special assessment of $100.00, and a maximum of 1 year of supervised release.

7. The defendant acknowledges, understands, and agrees that she has discussed the relevant statutes as well as the applicable sentencing guidelines with her attorney.

4

## DISMISSAL OF REMAINING INDICTMENT

8. The government agrees to move to dismiss the indictment as to Patricia Lynn Kay at the time of sentencing.

## ELEMENTS

9. In order to establish misprision of a felony in violation of Title 18, United States Code, Section 4, the government must prove the following elements:

First, that a federal felony was committed as charged in the information;

Second, the defendant had knowledge of that felony;

Third, the defendant failed to notify an authority as soon as possible. An "authority" includes a federal judge or some other federal civil or military authority, such as a federal grand jury, Secret Service, or FBI agent; and

Fourth, the defendant did an affirmative act, as charged, to conceal the crime.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense described in paragraph 5. The defendant acknowledges and agrees that her attorney in turn has discussed the applicable sentencing guidelines provisions with her to the defendant's satisfaction.

5

13.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14.     The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16.     The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in the information is

12 under Sentencing Guidelines Manual § 2X4.1(a) based upon an offense level of 21 for the underlying offense of wire fraud as it relates to the conduct of the defendant.

### Acceptance of Responsibility

17. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to sentencing.

### Sentencing Recommendations

18. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

20. The government agrees to recommend a sentence at the low end of the applicable sentencing guideline range, as determined by the court.

### Court's Determinations at Sentencing

21. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph

7

6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

22. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

23. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

24. The defendant agrees that, during the period of any supervision (probation or supervised release) imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision.

### Fine

25. The parties acknowledge, understand, and agree that the government will recommend a substantial fine. The defendant will cooperate with a financial analysis to help determine the particulars of this recommendation.

### Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## DEFENDANT'S COOPERATION

28. The defendant, by entering into this agreement, further agrees to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so. The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, the government, in its discretion, may recommend a downward departure from: (a) the applicable sentencing guideline range; (b) any applicable statutory mandatory minimum; or (c) both. The defendant acknowledges and understands that the court will make its own determination regarding the appropriateness and extent to which such cooperation should affect the sentence.

## DEFENDANT'S WAIVER OF RIGHTS

29  In entering this agreement, the defendant acknowledges and understands that in so doing she surrenders any claims she may have raised in any pretrial motion, as well as certain rights which include the following:

    a.  If the defendant persisted in a plea of not guilty to the charges against her, she would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b.  If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

      c.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

      d.      At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and she would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on her own behalf. The defendant would be entitled to compulsory process to call witnesses.

      e.      At such trial, defendant would have a privilege against self-incrimination so that she could decline to testify and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify on her own behalf.

30. The defendant acknowledges and understands that by pleading guilty she is waiving all the rights set forth above. The defendant further acknowledges the fact that her attorney has explained these rights to her and the consequences of her waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that she will be adjudicated guilty of the offense to which she will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to possess firearms, and to be employed by a federally insured financial institution.

32. The defendant knowingly and voluntarily waives all claims she may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry

of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

33. The defendant acknowledges, understands, and agrees that the defendant has discussed with her attorney and understands that nothing contained in this agreement is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

34. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding. The defendant has discussed the prospect of removal with her attorney as well as the current applicable case law. However, she understands that no one, including the defendant's attorney or the sentencing court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences, including the potential for automatic removal from the United States.

## GENERAL MATTERS

35. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

11

37. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

38. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

39. The defendant acknowledges and understands that if she violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of her breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and her attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that she continues to be subject to the terms of the proffer letter.

12

## VOLUNTARINESS OF DEFENDANT'S PLEA

40. The defendant acknowledges, understands, and agrees that she will plead guilty freely and voluntarily because she is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

13

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3/16/11

*Patricia L. Kay*
PATRICIA LYNN KAY
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/16/11

BRIAN P. MULLINS
Attorney for Defendant

For the United States of America:

Date: 3/16/11

JAMES L. SANTELLE
United States Attorney

Date: 3-16-11

CAROL L. KRAFT
Assistant United States Attorney

14